# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>DONOVAN CROSS,<br><br>Defendant. | No. CR 16-4067-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION IN LIMINE**<br><br>*Filed Under Seal* |

_____

Defendant Donovan Cross is charged in a one-count Indictment (docket no. 2) with being a felon and drug user in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(2), and 924(a)(2). His trial is set to begin on December 14, 2016. This case is before me on Cross's November 30, 2016, Motion In Limine (docket no. 52), challenging five categories of evidence. The prosecution filed its Resistance (docket no. 55) on December 5, 2016.

First, Cross seeks an order excluding evidence of his criminal history, beyond an "*Old Chief*" stipulation that he was prohibited from possessing firearms owing to a prior felony conviction. He contends that his "*Old Chief*" stipulation also makes it unnecessary for the prosecution to use information that he was convicted of any particular felony for purposes of impeachment, and doing so would be unduly prejudicial, pursuant to Rule 609(a)(1)(B) of the Federal Rules of Evidence. The prosecution agrees that no other evidence of Cross's criminal history is necessary, if he makes an "*Old Chief*" stipulation, but contends that, if evidence of prior convictions becomes relevant for impeachment purposes, it will raise the issue with the court outside the presence of the jury.

In *Old Chief*, the Supreme Court held that where the defendant's status as a felon is an element of the crime charged, and a defendant offers to stipulate to his prior record for the purpose of establishing a prior felony under 18 U.S.C. § 922(g), the government must accept this stipulation and may not present further evidence of defendant's prior criminal history before the jury to prove his felon status, *Old Chief v. United States*, 519 U.S. 172, 178 (1997), although the evidence of a prior conviction may be admissible for other reasons, *see id*. at 186-87. This part of Cross's Motion In Limine is granted, to the extent that, if Cross enters into an "*Old Chief*" stipulation, the prosecution will not be allowed to present any further evidence of his prior criminal history without first obtaining leave of the court outside the presence of the jury.

Next, Cross seeks an order excluding evidence regarding alleged domestic abuse by Cross, evidence about his supposed "violent tendencies," and evidence of previous weapon possession. He contends that such evidence should be excluded pursuant to Rules 403 and 404(a)(1) and (b)(1) of the Federal Rules of Evidence as irrelevant to the firearms charges against him and/or unduly prejudicial. The prosecution argues that evidence of the domestic abuse call, during which a firearm, ammunition, and drug paraphernalia giving rise to the present firearms charge were discovered, is *res gestae* evidence providing the context for the crime at issue. The prosecution also argues that the domestic abuse evidence goes to the disputed element of "possession," because Cross argues that the bedroom in which the firearm and ammunition were found did not belong to him, and evidence that the domestic abuse occurred in that bedroom rebuts that contention.

Rule 404(b) does not apply to "*res gestae*" or "intrinsic" evidence, which "is 'evidence of wrongful conduct other than the conduct at issue . . . offered for the purpose of providing the context in which the charged crime occurred.'" *See, e.g., United States v. Campbell*, 764 F.3d 880, 888 (8th Cir. 2014) (quoting *United States v. Johnson*, 463 F.3d 803, 808 (8th Cir. 2006)); *United States v. Thomas*, 760 F.3d 879, 883 (8th Cir. 2014) (explaining that "'Rule 404(b) applies only to extrinsic, not intrinsic, evidence.'" (quoting *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014)). Nevertheless, even

2

*res gestae* evidence is subject to Rule 403's balance of probative value against potential for unfair prejudice. The potential for prejudice far outweighs any probative value of evidence that the police were responding to a "domestic abuse" call, the circumstances that unfolded when they responded, and what Cross's then-girlfriend told them about Cross's conduct, all of which might invite a conviction on the basis of an emotional response to that evidence rather than consideration of evidence of unlawful possession of a firearm or ammunition. FED. R. EVID. 403, Advisory Committee Notes (explaining that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one"); *see, e.g., United States v. Myers*, 503 F.3d 676, 681 (8th Cir.2007) ("Rule 403 'does not offer protection against evidence that is merely prejudicial in the sense of being detrimental to a party's case. The rule protects against evidence that is unfairly prejudicial, that is, if it tends to suggest decision on an improper basis.'" (quoting *Wade v. Haynes*, 663 F.2d 778, 783 (8th Cir. 1981), *aff'd sub nom. Smith v. Wade*, 461 U.S. 30 (1983))). Moreover, the "context" of the discovery of the firearm, ammunition, and drug paraphernalia can be adequately demonstrated with far less potentially prejudicial evidence. Such evidence is that police were called to the residence in question to respond to a "disturbance" and, in the course of their response and investigation, they discovered the firearm, ammunition, and drug paraphernalia. Also, "possession" of the items in question—and, consequently, whether or not the room in which some of them were found "belonged" to Cross—can be addressed with equally or more probative evidence with far less potential for unfair prejudice. That evidence includes testimony of other residents of the house and evidence of the presence of Cross's personal items in various rooms of the house.[1] This part of Cross's Motion In Limine is granted.

---

[1] The prosecution represents that it does not intend to offer evidence about Cross's supposed "violent tendencies" and previous weapon possession in its case-in-chief, and I conclude that any limited probative value such evidence may have is outweighed by its potential for unfair prejudice.

Cross also seeks an order excluding evidence regarding drugs and drug paraphernalia, on the ground that his willingness to enter into an "*Old Chief*" stipulation concerning his prior convictions makes it unnecessary and unduly prejudicial for the prosecution to present evidence of the "drug user" alternative to his § 922(g) charge. He contends that, under the circumstances of his anticipated stipulation, drug-related evidence is highly and unfairly prejudicial. The prosecution argues that, pursuant to *United States v. Platter*, 514 F.3d 782, 787 (8th Cir. 2006), it is entitled to pursue multiple theories of guilt, rather than be forced to elect one theory of illegal possession.

Were I writing on a clean slate, I would hold that, in a § 922(g) case, where the defendant has stipulated that he is a felon, evidence of drug use is substantially prejudicial to the jury's determination of whether or not the defendant in fact possessed the firearm or ammunition in question, not just to whether or not he was a felon, contrary to *Platter*, 514 F.3d at 788. I have previously made known my belief that *Platter* was wrongly decided. *See, e.g., United States v. Robbins*, No. CR 14-129-MWB, 2015 WL 1721016 (N.D. Iowa April 15, 2015). Nevertheless, I have recognized—and now reiterate—that I am constrained to follow controlling precedent, even if I believe that it is bad precedent. Unfortunately, I cannot tell from the present record whether this case presents the "exceptional" one required by *Platter* that would allow exclusion of evidence of "bad acts" going to a second alternative for a charge of violating § 922(g). I must be satisfied with cautioning the prosecution that excessive evidence of drug use and drug paraphernalia may become more prejudicial than probative, be needlessly cumulative, waste time, or cause delay, which may warrant exclusion of that excessive evidence pursuant to Rule 403. This part of Cross' Motion In Limine is denied.

The penultimate category of evidence that Cross seeks an order excluding evidence regarding a jail call that Cross made to his grandmother. The prosecution represents that it does not intend to present evidence of the jail phone call by Cross to his grandmother in its case-in-chief, but contends that such evidence may be admissible for impeachment purposes, and other jail phone calls may be admissible in its case-in-chief. I decline to

give an advisory opinion on the admissibility of jail phone calls that have not yet been put at issue by a motion in limine or submission of evidence for review. For the moment, based on the prosecution's representation that it does not intend to use evidence of Cross's jail phone call to his grandmother, I will simply grant Cross's Motion In Limine as to that phone call to the extent of barring its use in the prosecution's case-in-chief.

Finally, Cross seeks an order excluding evidence regarding his tattoos. The prosecution represents that it does not intend to use evidence of Cross's tattoos in its case-in-chief. Thus, I will grant this part of Cross's Motion In Limine.

THEREFORE, defendant Cross's November 30, 2016, Motion In Limine (docket no. 52) is **granted in part and denied in part,** as set out, above.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after completion of trial or any guilty plea, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 5th day of December, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA